IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TORANCE GAMBLE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-1492 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Torance Gamble filed a *pro se* section 2254 habeas petition challenging his convictions and fifteen-year sentences for aggravated robbery with a deadly weapon and robbery by threats. Respondent filed a motion for summary judgment on August 20, 2014 (Docket Entry No. 13), and served petitioner a copy at his address of record that same date. Despite the expiration of a reasonable period of time in excess of fifty days, petitioner has failed to file a response to the motion. Accordingly, the motion for summary judgment is uncontested.

Based on consideration of the pleadings, the motion, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### *Procedural Background and Claims*

Petitioner pleaded guilty to one count of aggravated robbery with a deadly weapon and two counts of robbery by threats, and was sentenced to fifteen years imprisonment on each charge. No direct appeals were taken. The Texas Court of Criminal Appeals denied petitioner's applications for state habeas relief.

Petitioner raises the following claims for federal habeas relief:

1. The grand jury and the prosecutor erroneously charged and indicted him because he did not have a gun;

2. He was denied effective assistance of counsel because his attorney failed to investigate the case or request a lesser-included jury charge;

3. His double jeopardy rights were violated because he was convicted under two statutes, the offenses were continuous, and one offense was a lesser-included offense; and

4. The assault statute was emphasized over the actual theft statute.

Respondent argues that these claims are procedurally barred and/or have no merit and should be dismissed.

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by

the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, ___U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the

3

presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

***Procedurally Barred Claims***

Respondent correctly argues that petitioner's double jeopardy and statutory emphasis claims were not presented to the state court, are procedurally defaulted, and barred from consideration at this juncture.

The record shows that petitioner did not present these two claims to the state court and, in particular, did not present them to the Texas Court of Criminal Appeals in a procedurally correct manner. *See Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *see also Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001). Accordingly, the claims are procedurally barred under *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), because petitioner's claims would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Due to recent legislative enactments, Texas state law now prohibits a Texas court from considering the merits of, or granting relief based on, a subsequent writ application filed after the final disposition of an inmate's first application unless he demonstrates the statutory equivalent of cause or actual innocence. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (West Supp. 2014).

For this Court to reach the merits of these two claims, petitioner must establish cause and actual prejudice from the state court's failure to consider his claims. *See Coleman*, 501 U.S. at 750–51; *Fearance*, 56 F.3d at 642. Petitioner has failed to argue, much less establish, cause and prejudice, nor has he shown that he is actually innocent of aggravated robbery with

a deadly weapon or robbery by threat. Consequently, petitioner's claims regarding double jeopardy and statutory emphasis are procedurally defaulted and barred from consideration by this Court. Respondent is entitled to summary judgment dismissal of these two claims.

### *No Evidence of a Gun*

Petitioner argues that the grand jury and the prosecutor erroneously charged and indicted him for aggravated robbery because he did not have a gun during commission of the offense. Petitioner's claim, however, is factually and legally negated by his guilty plea.

The record shows that petitioner was indicted on the following criminal charge:

> [I]n Harris County, Texas, TORANCE GAMBLE, hereafter styled the Defendant, heretofore or about April 24, 2010, did then and there unlawfully, while in the course of committing theft of property owned by [the complainant], and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place [the complainant] in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, namely, a firearm.

(Docket Entry No. 10-1, p. 78, boldface deleted.)

Petitioner entered a plea of guilty to this charge, and signed the following Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession and Plea Agreement:

> In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, TORANCE GAMBLE, hereafter styled the Defendant, heretofore on or about April 24, 2010, did then and there unlawfully, while in the course of committing theft of property owned by [the complainant], and with intent to obtain and maintain control of the property, INTENTIONALLY AND KNOWINGLY cause bodily injury to [the complainant], and the Defendant did then and there use and exhibit a deadly weapon, namely, a FIREARM.

6

> I understand the above allegations and I confess that they are true and that the acts alleged above were committed on April 24, 2010.
>
> In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

*Id.*, pp. 63–64 (boldface deleted).

Petitioner signed the plea agreement wherein he confessed that the charges against him were true, and consented to the oral and written stipulation of evidence in the primary case. The stipulation of evidence in the primary case included by its very terms petitioner's knowing possession of a deadly weapon. This judicial confession, even standing alone, is sufficient to sustain a non-capital conviction upon a guilty plea under Texas state law. *Dinnery v. State*, 592 S.W.2d 343, 352 (Tex. Crim. App. 1979). Consequently, petitioner's own plea and stipulation of evidence establishes that he used and exhibited a firearm during his commission of the offense.

No grounds for federal habeas relief are shown, and respondent is entitled to summary judgment dismissal of this claim.

### *Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To

7

assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id*. at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness

8

does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner claims that trial counsel was ineffective in failing to investigate the case and in failing to request a lesser-included jury charge, as follows.

*Failure to Investigate*

Petitioner claims that trial counsel failed to investigate the case sufficiently or to garner and use "mitigating evidence." He asserts that, had counsel discussed petitioner and the case with family and friends, he would have uncovered favorable evidence regarding petitioner's character and background.

The record shows that during his guilty plea proceedings, petitioner twice stated in writing that he was satisfied with his trial counsel's performance:

> In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence. *I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him*.

(Docket Entry No. 10-1 p. 64, emphasis added).

> I am totally satisfied with the representation provided by my counsel and I received effective and competent representation.

*Id*., p. 70. Petitioner was aware at the time he made these record affirmations that counsel had, or had not, investigated the matters he now requests, including communicating with friends and family regarding his background and characteristics. Petitioner's fifteen-year sentence was the result of plea bargaining, and petitioner fails to demonstrate how further

9

investigation would have benefited the defense or resulted in a significantly lower sentence. Petitioner further fails to establish what further investigation would have shown. Petitioner's conclusory allegations are unsupported in the record and are insufficient to rebut his own declarations made in open court that he received competent and effective assistance of counsel.

Further, claims of omitted witnesses are not favored on collateral review because allegations of what a witnesses would have stated are largely speculative. *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010); *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981). A petitioner seeking to show ineffective assistance of counsel must therefore "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Petitioner fails to meet these requirements, and his conclusory allegations are unsupported in the record and insufficient to establish ineffective assistance of counsel. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

The state court found that petitioner failed to meet his burden of proof under *Strickland* and rejected petitioner's claims of ineffective assistance of trial counsel. (Docket Entry No. 10-1, p. 42.) Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable

determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failure to Request Lesser-Included Jury Charge*

Petitioner complains that trial counsel failed to request a lesser-included jury charge. It is unclear whether petitioner is referring to a *grand jury* "charge," or a *jury* charge. Under either possibility, his complaint is procedurally inappropriate and without legal support. Trial counsel had no right under state law to request that a lesser-included offense charge be given to the grand jury, as a grand jury is not given a "jury charge." Moreover, because petitioner pleaded guilty and there was no jury trial, there was no opportunity for trial counsel to request a lesser-included offense jury charge.

To any extent petitioner may be attempting to argue that trial counsel should have negotiated a plea bargain agreement for a lesser-included offense, petitioner fails to establish that the State would have agreed to such a plea bargain agreement and that it would have been accepted by the trial court. Petitioner's conclusory allegations are unsupported in the record and fail to establish either deficient performance or actual prejudice, and no ineffective assistance of counsel is established.

The state court found that petitioner failed to meet his burden of proof under *Strickland* and rejected petitioner's claims of ineffective assistance of trial counsel. (Docket Entry No. 10-1, p. 42.) Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable

11

determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 13) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on October 15, 2014.

_____
Gray H. Miller
United States District Judge